IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |  |
|---|---|---|
| PATENT GROUP, LLC | ) ) ) ) | |
| Relator, | ) ) | CASE NO. 6:10-CV-00345 |
| v. | ) ) | |
| WATER SPORTS, LLC | ) ) | |
| Defendant. | ) | |

**DEFENDANT WATER SPORTS, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 9(b) AND SUPPORTING MEMORANDUM**

**Table of Contents**

I.   Introduction ................................................................................................. 4

II.  Statement of Relevant Facts ....................................................................... 5

III. Argument and Citation to Authority .......................................................... 5

   A.  Patent Marking Law ............................................................................. 5

       1.  Patent Marking Statute ................................................................... 5

       2.  False Marking Statute 35 U.S.C. § 292 .......................................... 6

       3.  Intent to Deceive ............................................................................ 6

   B.  Legal Standard ...................................................................................... 7

       1.  Rule 12(b)(6), 9(b), 8(a) Motions ................................................... 7

   C.  The Defendant's motion to Dismiss should be granted because Relator failed to adequately plead a claim for false marking under the standards of Rule 9(b) and Rule 8(a). ................................................................................................ 10

       1.  The Defendant's motion to Dismiss should be granted because Complaint is vague and not specific as to which patent or patents are at issue within the requirements of Rule 9(b). .............................................................. 10

       2.  The Defendant's motion to Dismiss should be granted because Complaint is vague and not specific as to which patent or patents are at issue within the requirements of Rule 8(a). .............................................................. 11

3. The Defendant's motion to Dismiss should be granted because the Complaint fails to allege the specifics of the circumstances giving rise to the Relator's harm within the requirements of Rule 9(b). .................................................... 12

4. The Defendant's motion to Dismiss should be granted because the Complaint is vague as to what products are at issue and fails to meet the requirements of Rule 9(b) and Rule 8(a). ................................................................................. 14

5. The Defendant's motion to Dismiss should be granted because the Complaint fails to allege intent with specificity under the requirements of Rule 9(b). ..... 14

6. The Defendant's motion to Dismiss should be granted because the Complaint fails to allege intent within the requirements of Rule 8(a). .............................. 16

IV. Conclusion .................................................................................................. 18

## **Motion**

Defendant Water Sport LLC moves to dismiss the Complaint under Rule 12(b)(6) and Rule 9(b) because the Complaint fails to state a claim of false patent marking under the standards of Rule 8(a) and Rule 9(b). As explained in this motion, the Relator's Complaint should be dismissed because it fails to meet the heightened pleading standards of Rule 9(b), in that the Relator fails to plead Defendant's allegedly fraudulent acts with particularity. Further, the Complaint fails to meet the requirements of Rule 8(a) because it does not contain a short and plain statement of the claim showing that the pleader is entitled to relief and it contains factual allegations that would lead to speculation as to whether relief is proper.

## **Memorandum in Support**

### I.  **Introduction**

Relator, Patent Group LLC ("Patent Group"), alleged that Defendant, Water Sports, LLC ("Water Sports") violated the false patent marking statute (35 U.S. C § 292), which is a *qui tam* statute providing for imposition of civil fines for purposefully deceitful acts of marking "unpatented" articles as patented. Water Sports brings the present motion to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and pursuant to the pleading standards of Rule 8(a) and Rule 9(b).

## II. Statement of Relevant Facts

Water Sports sells toys and games through retailers and directly to the public. According to the Complaint, Relator, Patent Group, is a limited liability company organized and existing under the law of the State of Texas." Compl. ¶ 1. This is the only information Patent Group includes about itself. At the time of this writing, it appears that Patent Group has file at least 50 other cases in the United States District Court for the Eastern District of Texas against various defendants alleging a violation of the false marking statute. Patent Group has not alleged a relation to Water Sports. Patent Group has not alleged that it is a competitor of Water Sports.

On July 15, 2010, Relator filed a Complaint alleging certain violations of the False Marking Statute, 35 U.S. C § 292, against Water Sports. The Complaint alleges that Water Sports falsely marked certain products with patent numbers in violation of the False Marking Statute.

## III. Argument and Citation to Authority

### A. Patent Marking Law

#### 1. Patent Marking Statute

The patent marking statute, 35 U.S.C. § 287, allows a patent owner to provide public notice of the owner's patent by marking products or product packaging with the related patent number. If notice is not given, the patent owner cannot recover damages for infringement except on proof that the infringer was actually notified of the infringement and continued to infringe thereafter. Then the owner may only recover damages arising after the actual notice to the infringer.

The patent marking requirement of section 287 furthers competition. This occurs because a patentee must disclose the best way of making the invention. 35 U.S.C. § 112 (2008). Therefore, the patent owner informs the public of the detailed instructions, as contained in the patent, on how at least a portion of the product is made when that product is covered by a patent and marked as such. The public, including competitors—once informed of the details of the invention by reading the patent—may improve on the invention, may design around the patent, or after expiration, may copy the subject of the patent, if such copying does not infringe another patent.

### 2. False Marking Statute 35 U.S.C. § 292

The false patent marking statute prohibits purposefully deceitful acts of marking "unpatented" articles with United States patent numbers. The statute provides in relevant part, "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public . . . shall be fined not more than $500 for every such offense." 35 U.S.C. § 292. Therefore, the Relator must plead and prove four elements: (1) a marking indicating that an article is patented; (2) that the marking is on, affixed to, or used in advertising for that article; (3) that the article is unpatented; and (4) the marking was done with an intent to deceive the public. *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1351 (Fed Cir. 2005).

### 3. Intent to Deceive

The Federal Circuit recently provided a high bar for establishing intent to deceive the public in false marking cases. *Pequignot v. Solo Cup Co.,* No. 2009-1547, __ F.3d __, (Fed. Cir.

2010). In *Pequignot*, the court stated that the false marking statue requires the false marker to act "for the purpose of deceiving the public." *Id.* at 12. The court noted that "a purpose of deceit, rather than simply knowledge is required." *Id.* The *Pequignot* court distinguished purpose from knowledge, "a person who causes a particular result is said to act purposefully if he consciously desires that result, whatever the likelihood of that result happening from his conduct, while he is said to act knowingly if he is aware that that result is practically certain to follow from his conduct, whatever his desire may be as to the result." *Id.* (internal citations omitted). Therefore, "mere knowledge that a mark is false is insufficient to prove intent if [the marker] can prove that it did not consciously desire the result that the public be deceived." *Id.* Further, the question is not whether the marker intended to mark the product, but whether the marker intended to deceive the public by the marking.

### B. Legal Standard

#### 1. Rule 12(b)(6), 9(b), 8(a) Motions

A false marking claim requires an allegation of deceptive intent. This allegation is similar to an allegation of fraud, which must be pled with specificity. Several district courts have found that a false marking claim under section 292 is a fraud based claim subject to the pleading requirements of Federal Rule of Procedure 9(b). *See Advanced Cartridge Techs., LLC v. Lexmark Int'l, Inc.*, 2010 WL 2640137, at *1 (M.D. Fla. June 30, 2010) (holding that the Rule 9(b) pleading standard applies to false marking claims); *see also Simonian v. Cisco Sys., Inc.*, 2010 WL 2523211, at *3 (N.D. Ill. June 17, 2010) (same); *Juniper Networks v. Shipley*, No. 09-cv-00695, 2009 WL 1381873 (N.D. Cal. May 4, 2009)(same); *U.S. Ex Rel. Scharmer v. Carrollton Mfg.*, 377 F. Supp. 218, 221 (N.D. Ohio 1974) (summarizing a false marking claim as

Page 7 of 19
Case No. 6:10-cv-00345 - Defendant's Rule 12(b)(6) and 9(b) Motion to Dismiss

a "contention . . . [of] a conscious fraud").  Rule 9(b) is not limited to particular types of fraud and provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstance constituting fraud or mistake." However, two decisions in this district have refused to apply Rule 9(b) to false marking cases.  *Promote Innovation, LLC v. Ranbaxy Laboratories, Inc.*, No. 2:10-CV-121-TJW-CE, at 3-5 (E.D. Tex. July 14, 2010);  *Astec. Am., Inc. v. Power-One, Inc.*, No. 6-07-CV-464-JDL (E.D. Tex. April 11, 2008).[1] Yet, the *Promote Innovation, LLC* and *Astec. Am. Inc.* decisions did not consider the following analysis regarding claims of inequitable conduct.

A false marking claim has similarities with a claim of inequitable conduct because an inequitable conduct claim requires a showing of intent to deceive the Patent and Trademark office and a false marking claim requires intent to deceive the public. Courts have held that Rule 9(b) applies to claims of inequitable conduct, which lends support to the conclusion that false marking claims are subject to Rule 9(b). *Adraub v, Genetec Inc.*, No. 2:08-CV-423, 2009 WL 3161386, at *1 (E.D. Tex. Sept. 30, 2009) ("The court is persuaded that Rule 9(b)'s pleading requirements apply to pleas of inequitable conduct."); *Samsung Elecs. Co. v. Tex. Instruments Inc.,* No. 3:96-CV-0001-P, 1996 WL 343330, at *3 (N.D. Tex. Apr. 18, 1996) ("[A]llegations of inequitable conduct should be subject to the pleading requirements of Rule 9(b)."). A false marking claim under section 292 is subject to Rule 9(b) pleading requirements because it is a claim sounding in fraud and requires an intent to deceive, just like inequitable conduct.

---

[1] It should be noted that the *Astec. Am., Inc.* decision issued before the Federal Circuit's guidance in *Pequignot* regarding the high bar required to prove deceptive intent.

Rule 9(b) requires that a complaint alleging fraud must specify the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentations and what [the person] obtained thereby." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). One function of Rule 9(b) is to "alert[ ] defendants to the precise misconduct with which they are charged and protect[ ] defendants against spurious charges of immoral and fraudulent behavior." *United States ex rei. Clausen v. Lab. Corp.*, 290 F.3d 1301, 1310 (l1th Cir. 2002) (qui tam case under the False Claims Act) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194,1202 (l1th Cir. 2001)). Dismissal for failure to plead with particularity in accordance with Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996).

The more liberal pleading requirements of Rule 8(a) require that the Complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. A complaint that fails to meet Rule 8(a) standards can be attacked by motion under Federal Rule of Procedure 12(b)(6). Rule 12(b)(6) provides that a claim may be dismissed when the Complaint fails "to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Also, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id at* 555; *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208-09 (5th Cir. 2009); see also *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Generally, the allegations of the complaint are accepted as true for the purposes of a 12(b)(6) motion. However, unwarranted deductions of fact,

conclusory allegations, legal conclusions, or formulaic recitation of elements will not prevent dismissal. *Ackerson,* 589 F.3d at 208-09.

### C. The Defendant's motion to Dismiss should be granted because Relator failed to adequately plead a claim for false marking under the standards of Rule 9(b) and Rule 8(a).

The Relator's Complaint should be dismissed because it fails to meet the heightened pleading standards of Rule 9(b), in that the Relator fails to plead Defendant's allegedly fraudulent acts with particularity. Further, the Complaint fails to meet the requirements of Rule 8(a) because it does not contain a short and plain statement of the claim showing that the pleader is entitled to relief and it contains factual allegations that would lead to speculation as to whether relief is proper.

### 1. The Defendant's motion to Dismiss should be granted because Complaint is vague and not specific as to which patent or patents are at issue within the requirements of Rule 9(b).

The Relator fails to plead with particularity the time, place and contents of the false representations as required by *Tuchman* and Rule 9(b). More specifically, the Complaint is vague and not specific as to which patent or patents are at issue. Paragraph 13 of the Complaint provides "U.S. Patent No. D351,007 ('the '007 patent'), entitled 'Water Squirting Toy' issued on September 27, 1994." Then in the next paragraph, the Complaint asserts that the Defendant marks products with the '986 patent. The Complaint does not define which patent is referred to by the words " the '986 patent." Utility patents issued after 1911 from the U.S. Patent and Trademark Office generally have a patent number of 1,000,000 or higher. U.S. Patent number

986 issued on October 19, 1838. Generally, the use of a hyphen in front of a three digit number such as '007 or '986 is a short citation to a patent that was fully cited previously in a document. The three digits are usually the last three digits of a patent number, e.g. U.S. Pat. No. D351,007 is " 'the '007 patent." The Complaint contains no full citation to any patent having a patent number ending in 986. The last three digits standing alone do not identify any specific patent because numerous patents can end with the same last three digits being 986. For example, the '986 patent could refer to patent 6,010,986 or patent 6,134,986 or patent 5,985,986, or patent 4,069,986, etc.

The Complaint does not particularly specify each patent number alleged to be falsely marked on a product—e.g. the contents of the false representation.  The Rule 9(b) pleading requirement is not met under *Tuchman* because the Complaint fails to specify what patent is meant by the words "the '986 patent" and therefore should be dismissed. Further, the Complaint fails to particularly identify each of the patents that are alleged to be at issue in the case.

> **2. The Defendant's motion to Dismiss should be granted because Complaint is vague and not specific as to which patent or patents are at issue within the requirements of Rule 8(a).**

Further, the Complaint fails to meet the standards of Rule 8. By the Relators failure to specify which patent is meant by the words "the '986 patent," Water Sports is not on notice by the Complaint as to what it must defend itself against. Further, were the Complaint allowed to stand without specifying what patent is meant by "the '986 patent," Water Sports would be left to speculate as to whether the Plaintiff has any right to relief regarding whatever patent is meant by the words "the '986 patent." This is the type of speculation that is prohibited by *Towmbly,*

*550 U.S at 555.*  Therefore, the Complaint should be dismissed as it fails to meet the requirements of Rule 8.

### 3. The Defendant's motion to Dismiss should be granted because the Complaint fails to allege the specifics of the circumstances giving rise to the Relator's harm within the requirements of Rule 9(b).

The allegations in the Complaint regarding the harm suffered by the Relator fail to meet the requirements of Rule 9(b). Relator stated, "As an individual, Relator suffered direct economic harm when it purchased Defendant's falsely marked product at artificially inflated prices." Compl. ¶ 4. Further, the Complaint alleges that " For at least the reason set forth herein, the Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely caused the retail price of its product described herein to be inflated above normal market levels, and has caused Plaintiff [Relator], a consumer of Defendant's products, to pay this inflated price." Compl. ¶ 28. However, the Complaint fails to specify (1) the place where the Relator purchased the Water Sports products, (2) the product or products that the Relator purchased, (3) the date and time the Relator made the purchase, or (4) the price that the Relator paid for the products purchased. Also, the Relator fails to include a receipt for the alleged purchase as an Exhibit to the Complaint. These are important elements of the alleged fraud that must be pled with specificity. Each of these elements, 1 through 4, are important to meet the requirement to particularity plead the time, place and contents of the false representations or markings. The time and date information is particularly important because the Relator must show under Section 292, that Water Sports "mark[ed] upon, affix[ed] to, or use[d] in advertising in connection with an unpatented article the word 'patent' or any word or number importing that

the same is patented for the purpose of deceiving the public…" Therefore, if the marked information was accurate at the time of marking—the time the packaging or the product was marked—the statue is not violated because the statute does not prohibit the sale of an item. It is the marking that triggers the statute.

Paragraph 22 of the Complaint alleges that "Upon information and belief, Defendant knew or should have known that the '007 patent had already expired at the same time Defendant was marking and advertising products with the '007 patent, including the products identified in Paragraph 14." Paragraph 22 contains only generalized statements which do not satisfy the pleading requirements of rule 9(b). This is especially true, because if the Relator made an actual purchase as alleged in paragraph 4 of the Complaint, it is within the Relator's knowledge as to the time, place and contents of the purchase of the alleged falsely marked product.

Also, paragraph 22 is asserted as based "upon information and belief." However, the Federal Circuit, in discussing the "intent to deceive" element of an inequitable conduct patent claim stated, "[p]leading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading set forth the specific facts upon which the belief is reasonably based." *Exergen Corp. v. Wal-Mart Stores, Inc.* 575 F3d 1312, 1327 (Fed Cir. 2009). Here, the facts of the time, place and contents of the purchase alleged in paragraph 4 of the Complaint are not "uniquely within Water Sports control, in fact, such facts are not within Water Sports knowledge, but are uniquely within the knowledge of the Relator. The Complaint should be dismissed because fails to allege the specifics of the circumstances giving rise to the Relator's harm within the requirements of Rule 9(b).

> **4. The Defendant's motion to Dismiss should be granted because the Complaint is vague as to what products are at issue and fails to meet the requirements of Rule 9(b) and Rule 8(a).**

The Complaint is vague as to what products are at issue. Paragraph 14 provides that "Defendant marks and advertises . . . product with the '986 patent number, including, but not limited to, the Stream Machine Hyrobolic Water Launcher, depicted at Exhibit "A." The "including but not limited to" language implies that the Relator alleges other products of Water Sports are improperly marked. However, the Complaint fails to name the other products with the specificity required by Rule 9(b). Further, it fails to meet the requirements of Rule 8 because the Relator's does not specify the other products implied by the "including but not limited to" language in a short and plain statement of the claim.

> **5. The Defendant's motion to Dismiss should be granted because the Complaint fails to allege intent with specificity under the requirements of Rule 9(b).**

The Complaint fails to allege intent to deceive with the requirements of Rule 9(b). The following paragraphs are those that the Relator may be relying on to allege intent to deceive:

i. "Defendant is a sophisticated company and has many decades of experience applying for, obtaining, maintaining, and litigating patents." Compl. ¶ 18

ii. "Defendant has extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications." Compl. ¶ 18

iii. "Defendant knew or should have known that the term of the '007 patent expired on September 27, 2008." Compl. ¶ 20

    iv.    "Defendant know or should have known that the '007 patent had already expired at the same time Defendant was marking and advertising products with the '007 patent, including the product identified in Paragraph 14." Compl. ¶ 22

    v.    "Defendant knows or at least reasonably should know, that the '007 patent does not cover the products identified in Paragraph 14, or any products whatsoever." Compl. ¶24

    vi.    "Defendant could have no reasonable belief that it was proper to mark and advertise product with the expired '007 patent number, and the false marking was done with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patent and inhibiting competition." ¶ 26

These allegations are conclusory assertions aimed at establishing the defendant's knowledge that the patent was expired. Even if that were true, knowledge is not sufficient to prove intent as explained in *Pequignot*, but rather whether the Defendant consciously desired the result that the public be deceived must be considered. The only paragraph explicitly alleging intent to deceive is paragraph 26 and it does not allege that the defendant consciously desired the result that the public be deceived.

Further, paragraph 22 of the Complaint does not alleged why the defendant knew or should have known that the '007 patent was allegedly expired at the time of marking. Further, paragraph 24 of the Complaint does not allege why the "defendant knows or at least reasonably should know that the '007 patent does not cover products identified in Paragraph 14 or any product whatsoever." Paragraphs 22 and 24 are bare conclusory allegations without supporting

factual allegations. As a result, the Complaint should be dismissed as failing to comply with Rule 9(b).

## 6. The Defendant's motion to Dismiss should be granted because the Complaint fails to allege intent within the requirements of Rule 8(a).

The Complaint fails to meet the pleading requirements of Rule 8, similar to the false marking complaint dismissed under the Rule 8 standard in *Brinkermeier v. Graco Children's Prods. Inc.,* 684 F.Supp.2d 548 , (D. Del. 2010). In *Brinkermeier*, the Plaintiff brought a false marking claim under Section 292. The complaint contained the following allegations regarding intent to deceive:

  i. that Defendant employs an Intellectual Property Manager responsible for patent markings
  ii. that certain patent numbers do not cover the product made by the defendant
  iii. that the Defendant "cannot have any reasonable belief that such products are protected by such patents"
  iv. that Defendant "knows, or should know" that the products have been falsely marked.
  v. That "[Defendant] marked products identified in paragraph 41 with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the expired patent[s]."

The *Brinkermeier* court then stated, "these allegations alone do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the 'mere labels and conclusions' prohibited by *Twombly*." *Id.* at 553. The court granted under Rule 8 standards the defendant's motion to dismiss counts I, II, and III regarding the certain patent numbers specified.

In the present case, the allegations of the Complaint are very similar to the allegation of the complaint in *Brinkermeier*.  Paragraph 18 of the Complaint alleges that Water Sports is a sophisticated company with experience marking products. This is similar to allegation (i) listed above in the *Brinkermeier* case.  Paragraph 22 alleges that Water Sports knew or should have known that the '007 patent was expired at the time of marking. This is similar to allegation (iv) of the *Brinkermeier* case. Paragraph 24 alleges that Water Sports should have known the products were not covered by the '007 patent. This is similar to allegation (ii) of the *Brinkermeier* case. Paragraph 26 alleges that Water Sports falsely marked product(s) with the intent to deceive the public. This is similar to the allegation (v) of the *Brinkermeier* case. The allegations of the Complaint in the present case are substantially similar to the allegation in the *Brinkermeier* case. Therefore here, like in *Brinkermeier,* the allegations of the Complaint alone do not supply enough factual matter to suggest an intent to deceive and amount to nothing more than the mere labels and conclusions prohibited by *Twombly*. Therefore, the Complaint should be dismissed for failing to meet the pleading requirements of Rule 8.

IV. **Conclusion**

The Relator's Complaint should be dismissed because it fails to meet the heightened pleading standards of Rule 9(b), in that the Relator fails to plead Defendant's allegedly fraudulent acts with particularity. Further, the Complaint fails to meet the requirements of Rule 8(a) because it does not contain a short and plain statement of the claim showing that the pleader is entitled to relief and it contains factual allegations that would lead to speculation as to whether relief is proper. For the reason set forth in this motion, Water Sports respectfully requests that this Court dismiss the Relator, Patent Group LLC's, Complaint.

Respectfully submitted,

/s/ Eric R. Waltmire (by Wesley Hill)
Eric R. Waltmire – Lead Attorney
ERICKSON LAW GROUP, PC
1749 Naperville Rd., Suite 202
Wheaton, IL 60189
Tel: (630) 665-9404
Fax: (630) 665-9414
Email: eric@ericksonlawgroup.com

Wesley Hill
State Bar No. 24032294
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
Tel: (903) 757-6400
Fax: (903) 757-2323
E-mail: wh@jwfirm.com

**ATTORNEYS FOR WATER SPORTS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service this 8th day of September, 2010.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this same date.

/s/ Wesley Hill
Wesley Hill